In the Matter of ERB STRAPPING Co., INC., et al., Respondents, *v.* WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant.

First Department, December 10, 1968.

Irving Malchman of counsel (Stuart T. Maher with him on the brief; William P. Sirignano, attorney), for appellant.

Wilfred L. Davis of counsel (Joy M. Holz with him on the brief), for respondents.

Per Curiam. In this proceeding petitioners-respondents (Erb Strapping Co., Inc., Michael Genovese and Vincent J. Pica) moved pursuant to CPLR 2304 to quash the subpœnas served by the respondent-appellant Waterfront Commission of New York Harbor. The subpœnas in question required the corporate petitioner to produce various books and records maintained during the preceding two and one-half year period and the individual petitioners to give testimony in connection with '' an investigation being conducted   *   *   *   concerning waterfront practices and conditions generally.'' Such an investigation is authorized under section 11 of article IV of the Waterfront Commission Act (L. 1953, ch. 882) which empowers the Commission to '' make investigations, collect and compile information concerning waterfront practices generally within the port of New York district and upon all matters relating to the accomplishment of the objectives of [The Waterfront Commission Compact].''

The Commission seeks to determine whether Erb Strapping, a company doing business on the waterfront, is performing services as a stevedore which require it to be licensed under the act. Additionally, the Commission seeks to inquire into whether certain criminal elements are doing business on the waterfront through the instrumentality of Erb Strapping. In support of the proposed investigation the Commission asserts that facts have come to its attention which indicate that Erb Strapping is in fact doing stevedoring work and that an underworld figure who was formerly an officer of Erb Strapping is still exercising control of that company.

In granting petitioners-respondents' motion, Special Term held that the papers demonstrated that '' petitioners are not engaged in stevedoring or other acts subject to licensure,'' and, apparently relying on the theory that '' the Commission could not give itself power to investigate that which it could not license,'' concluded that there existed no statutory authority for the inquiry sought.

We do not agree with that conclusion. The Commission has the power to and does license stevedoring, and the business of stevedoring may not be engaged in by anyone unless a license to do so has been granted by the Commission. (Art. VI, § 1.) If the Commission has any basis to believe that any individual or company is engaged in the business of stevedoring without having been licensed by the Commission to do so, it may under its powers investigate to determine whether that is a fact. (See art. IV, § 11.) It was therefore error for Special Term to have, in effect, pre-empted the administrative investigation by deciding the very question the Commission's investigation seeks to determine, i.e., whether in fact Erb Strapping does stevedoring work without a license. Petitioners' reliance upon *Court Carpentry & Mar. Contrs. Corp.* v. *Waterford Comm.* (N. Y. L. J., Dec. 7, 1967, p. 16, col. 6 [SPIEGEL, J.]) is misplaced. That case involved an investigation with respect to activities which the court held were not within the licensing powers of the Commission whereas, in the instant case, stevedoring is clearly within the licensing powers of the Commission.

As indicated, the subpœnas served here are concerned with (1) whether Erb Strapping is performing services which require it to be licensed and (2) whether certain criminal elements are exercising control of that company. We hold that the subject subpœnas are clearly sustainable under either of the objectives of the proposed investigation. The authority of the Commission to investigate in aid of its express licensing powers is beyond question. (L. 1953, ch. 882, art. IV, § 11.) No less clear is the Commission's authority to investigate suspected waterfront activities of criminal elements pursuant to its duty to promote the orderly conduct of waterfront activities in New York Harbor. (*Matter of Barone* v. *Waterfront Comm.*, 8 A D 2d 783, affd. 7 N Y 2d 913; *Matter of Waterfront Comm.* [*Marchitto*], 32 N. J. 323.) If the inquiry sought is reasonably related to the purposes for which the Commission was created, it matters not that the scope of the investigation includes persons not presently subject to the Commission's regulatory powers. (*Matter of Barone* v. *Waterfront Comm.*, *supra.*) Thus, it was also error to have foreclosed inquiry into the possible infiltration of the waterfront by criminal elements through the instrumentality of Erb Strapping. "Only where the futility of the process to uncover anything legitimate is inevitable or obvious must there be a halt upon the threshold." (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 382; *Matter of La Belle Creole* v. *Attorney-General*, 10 N Y 2d 192.) Such is not the situation here. Nor can it be said that the issuance of the subpœna duces tecum

is arbitrary since the Commission has shown that the matters sought bear a reasonable relation to the subject of the investigation. (*Carlisle* v. *Bennett*, 268 N. Y. 212.) Also, we do not find the said subpœna to be oppressive.

Accordingly, the order entered February 28, 1968, granting, upon reargument, petitioners-respondents' motion to quash the subpœnas served by the respondent-appellant Waterfront Commission of New York Harbor should be reversed on the law and on the facts, and the motion should be denied, with costs and disbursements to the respondent-appellant. Settle order.

BOTEIN, P. J., STEVENS, RABIN and McNALLY, JJ., concur.

Order entered on February 28, 1968, reversed, on the law and on the facts, and the motion should be denied, with $30 costs and disbursements to the respondent-appellant. Settle order on notice.