29 N.Y.2d 559 (1971)
In the Matter of Horn Construction Co., Inc., Respondent,
v.
Arnold G. Fraiman, as Commissioner of Investigation of the City of New York, Appellant.
Court of Appeals of the State of New York.
Argued May 11, 1971.
Decided July 6, 1971.
J. Lee Rankin, Corporation Counsel (Eric J. Byrne and Stanley Buchsbaum of counsel), for appellant.
Mario Matthew Cuomo for respondent.
Concur: Judges BURKE, SCILEPPI, BERGAN and GIBSON. Judge JASEN dissents and votes to reverse in the following opinion in which Chief Judge FULD and Judge BREITEL concur.
Order affirmed, with costs, on the opinion at the Appellate Division.
JASEN, J. (dissenting).
In March, 1968, the Commissioner of Investigation of the City of New York (Commissioner) received a complaint that a named inspector employed by the Department of Marine and Aviation had attempted to extort a sum of money from a subcontractor of the respondent, Horn Construction Co., Inc. (Horn).
A preliminary investigation by the Commissioner revealed that Horn entered into a contract with the city's Department of Marine and Aviation for the demolition of certain piers. According *561 to the complaint, payment was demanded from one of Horn's subcontractors to avoid harassment by city inspectors during the course of the demolition. When payment was refused, there were so many harassing inspections that the subcontractor was forced to cease all work. The successor subcontractor, it was alleged, was subjected to substantially fewer inspections than the first.
In September, 1968, a subpoena duces tecum served on Horn by the Commissioner called for the production of certain corporate books and records for the period of July 1, 1967 to June 30, 1968. Though Horn partially complied with the subpoena and produced various job records for inspection, relating to the demolition contract in question, the respondent declined to submit other business records of the company for the period stated in the subpoena on the ground that the records sought were not relevant to the investigation.
Horn instituted the present proceeding to quash the subpoena duces tecum and the Commissioner cross-moved for an order compelling compliance with the subpoena. Special Term granted the cross motion and denied the application to quash. The Appellate Division, one Justice dissenting, reversed and granted the application to quash on the ground that the subpoena was unduly broad and that there had been a failure to show that the desired records were relevant or material to the inquiry.
The purpose of the investigation instituted by the Commissioner was to determine whether a bribe had been paid in connection with the demolition of piers. Such an investigation, involving an alleged bribe to a city employee in conjunction with a city contract, is clearly within the scope of the Commissioner's authority under section 803 (subd. 2) of the New York City Charter.
The rule of law applicable to subpoenas of the Commissioner of Investigation is well established. It has been repeatedly held that a subpoena of the Commissioner may not be vacated unless the person subpoenaed can demonstrate that it calls for exhibits which are utterly irrelevant to any proper inquiry. (Matter of Edge Ho Holding Corp., 256 N.Y. 374; Matter of Blitzer v. Bromberger, 295 N.Y. 596; Matter of Hirshfield v. Craig, 239 N.Y. 98.)
The question, then, is whether it is obvious that the records of Horn, which the Commissioner seeks to examine, cannot possibly *562 furnish the Commissioner with any information relevant or material to his investigation of the alleged bribery. It should be apparent that the records sought may furnish such information. Horn's principal records are posted on large National Cash Register (NCR) voucher register sheets, which contain, in chronological sequence every cash disbursement made by Horn in conjunction with its entire business. Every disbursement made for a particular job is identified therein by a job number which had previously been assigned by Horn. Although Horn permitted an examination of all entries in the NCR voucher register sheets bearing the job number assigned to the contract in question, it placed blinders over all entries opposite other job numbers and refused the Commissioner access to these records.
I consider this limited examination inadequate for the purpose of the investigation since a bribe payment could have been disguised, not only by allocation to another job number, but also by allocation to entries to which job numbers had not been assigned. Such unnumbered entries relate to personal expenses of officers, cash disbursements made to individuals on a loan basis, miscellaneous expenses, and other types of expenses not attributed to the cost of any particular work project.
In order to track down the bribe payment, it is necessary to check transactions other than those directly related to the contract. It should be perfectly obvious that, if a bribe was paid by Horn, an attempt would be made to conceal the entry in the records. To limit investigations of bribes relating to contracts to entries identified by the alleged payor as applicable to such contracts, would certainly scuttle any investigation. In order for the investigation to be meaningful, the Commissioner should be permitted to view all of the NCR voucher register sheets for the period in question. Once it is concluded, as it is here, that the circumstances warrant investigation, it seems clear that records in which the bribe payment may have been hidden are relevant. Inasmuch as experience has shown that wrongdoing is often artfully disguised or hidden, the Commissioner should be permitted to subpoena the records requested so long as they bear a "reasonable relation to the subject-matter under investigation". (Carlisle v. Bennett, 268 N.Y. 212, 217.) "Of course a governmental investigation into corporate matters may be of such a sweeping nature and so unrelated to the matter properly *563 under inquiry as to exceed the investigatory power * * * But it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." (United States v. Morton Salt Co., 338 U. S. 632, 652.)
I would reverse the order of the Appellate Division, deny the motion to quash and compel compliance with the subpoena.
Order affirmed, etc.