OPINION OF THE COURT
 

 Jasen, J.
 

 We are asked to pass on whether a corporation, which conducts business in New York, may be subpoenaed, with its records, as witness in connection with a hearing before the Waterfront Commission of New York Harbor, and be required to produce both its records and employees with knowledge of the records and transactions, regardless of whether the employees were within the jurisdiction.
 

 In 1976, the Waterfront Commission of New York Harbor (commission) noticed a hearing to determine whether to grant or deny the applications of five companies for licenses as stevedores. This hearing was prompted by information re
 
 *14
 
 ceived by the commission from the United States Securities and Exchange Commission (SEC) that Castle & Cooke, Inc., the parent corporation of the appellant, had made various questionable payments, including payments to a stevedoring company, to ensure the unloading of bananas during a longshoremen strike in October and November, 1971.
 

 One Irving Held is the president and co-owner of said five stevedoring companies seeking stevedoring licenses. The notice of hearing charges, in essence, that Held falsely denied in a sworn interview before the commission that he had been paid $100,000 in cash by a representative of the appellant Standard Fruit & Steamship Company, in order to ensure the unloading of the steamship company’s cargo of bananas during the 1971 longshoremen strike.
 

 The commission ascertained that Michael Cusimano, appellant’s director of labor relations, had testified under oath before the SEC that he had made two payments of $50,000 in cash to Irving Held in New York City in order to guarantee that the cargo of bananas of appellant would be unloaded notwithstanding the longshoremen’s strike. In addition, Harold L. Rolfes testified before the SEC that, as appellant’s treasurer, he had collected a cash fund for the making of various questionable payments by appellant and that he supplied Cusimano with the cash to pay Irving Held in order to ensure the unloading of appellant’s cargo of bananas during the longshoremen’s strike.
 

 Commission staff counsel in charge of the investigation requested the appellant to produce Cusimano for examination by the commission. Pursuant to this request, appellant produced Cusimano for examination by the commission in New Orleans, and Cusimano, in his sworn but ex parte testimony before the commission, reiterated his testimony to the SEC, namely, that he had made two payments of $50,000 in cash to Irving Held in New York City in order to ensure the uninterrupted unloading of appellant’s cargo of bananas during the longshoremen’s strike.
 

 Thereafter, after institution of the commission’s hearing to determine whether to grant licenses to the five stevedoring companies, the commission requested appellant to produce Cusimano and Rolfes as witnesses at the commission’s licensing hearing. However, appellant advised the commission that it had already produced Cusimano for examination and supplied the commission with the SEC testimony of Rolfes and
 
 *15
 
 that it would not "divert * * * Cusimano and Rolfes from their normal duties.” Thereupon, the commission caused the subject subpoena to be served upon the appellant.
 

 Appellant’s motion to quash the commission’s subpoena was denied by Special Term and the Appellate Division and the appellant was required to produce its officers or employees having knowledge of the transaction. On November 9, 1976, and again on November 23, 1976, pursuant to a resettled order, appellant produced Joseph Dreher, one of its officers, to testify. However, the two employees of appellant, Cusimano and Rolfes, who testified before the SEC, were not produced. Dreher testified he knew nothing about the matters in issue, other than that the requisition for the checks had been signed by Rolfes and checks in the total sum of $100,000 were issued to him.
 

 Appellant now appeals to this court from the order of the Appellate Division which denied its motion to quash the commission’s subpoena and required the corporation "to produce both its records and employees with knowledge of the records and transactions, regardless of whether or not the employees are within the jurisdiction”.
 

 We hold that a corporation doing business in New York may be subpoenaed to testify as a witness about a corporate transaction through its officers and employees who have knowledge of the transaction. (L 1953, ch 882, § 1, art IV, subd 8; § 1, art XI, subd 5;
 
 Southbridge Finishing Co. v Golding,
 
 2 AD2d 430.) It is no excuse to say that the officers and employees who participated in the corporate transaction involved are not within the jurisdiction or that they refuse to appear or testify in New York. So long as the person who participated in the questioned corporate activity is an officer or employee of the corporation, or is under its control or direction, it is the corporation’s responsibility to produce that person pursuant to a subpoena served upon the corporation.* As a corporation
 
 *16
 
 can only act through its officers and employees, a corporation is required to produce such officers and employees who have knowledge of the transaction. To hold otherwise would stultify the commission’s broad statutory powers of investigation and the discharge of its public responsibilities.
 

 We find little merit in appellant’s further contention that in furnishing one of its officers, Dreher, to the commission for examination, it complied with the subpoena. CPLR 2305 (subd [b]) provides: "Any person may comply with a subpoena duces tecum by having the requisite books, documents or things produced by a person able to identify them and testify respecting their origin,
 
 purpose
 
 and custody.” (Emphasis added.) Dreher’s testimony amply demonstrates that he did not know the purpose for which the checks issued by him were used. His testimony was, therefore, insufficient to satisfy CPLR 2305 (subd [b]). It would appear only Cusimano and Rolfes had such knowledge.
 

 Finally, insofar as the commission proceeded to examine Dreher, it cannot be said to have waived its right to seek further testimony. Only after examining Dreher could it be determined that he lacked the knowledge required to proffer the information sought by the commission.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed, with costs.
 

 Appellant argues that its control over Cusimano terminated when he retired on January 1, 1977. By granting an early retirement to him, and a larger pension than he was normally entitled to receive, it cannot be said upon the record before us that appellant relinquished control over him. Furthermore, Cusimano was concededly in appellant’s employ when the resettled order, dated November 15, 1976, was issued, directing compliance with the subpoena. There having been ample time to comply prior to Cusimano’s retirement, his current employment status is immaterial. Like reasoning renders unconvincing and irrelevant appellant’s assertion that it no longer exerts control over Rolfes, who terminated his direct employment with appellant on April 1, 1977, but who is currently employed by an entity in which appellant is a joint-venturer.