*184 OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a motion to quash a subpoena issued by claimants’ attorney. The subpoena calls for the appearance of 11 employees of the State of New York (State) to testify at the trial of the instant claim. The claim consists of a cause of action for negligence in failing to properly care for the infant, Alan Glenn Leibowitz, while he was a resident of Brooklyn Developmental Center (Institution), and a derivative cause of action asserted by his mother, Elaine Leibowitz. The Institution is a facility of the State’s Department of Mental Hygiene.
The subpoena is directed to the Institution, and was served upon its deputy director. All of the 11 persons named therein are presently employed at the Institution, and no issue has been raised as to their necessity as witnesses at the trial.
The State’s first contention is that each person named in the instant subpoena was required to be served individually. The question presented is whether the State may be required to produce a number of its employees to testify at trial by virtue of a subpoena served upon it as the party defendant. Claimants principally rely upon the recent case of Matter of Standard Fruit & S. S. Co. v Waterfront Comm. of N. Y. Harbor (43 NY2d 11). In that case the Waterfront Commission served a subpoena upon Standard Fruit and Steamship Company requiring it to produce two of its employees for testimony in connection with an investigation of illegal activities. Neither of these employees was within the jurisdiction of the commission and the corporation refused to produce them. The court stated (p 15): "We hold that a corporation doing business in New York may be subpoenaed to testify as a witness about a corporate transaction through its officers and employees who have knowledge of the transaction. (L 1953, ch 882, § 1, art IV, subd 8; § 1, art XI, subd 5; Sauthbridge Finishing Co. v Golding, 2 AD2d 430.) It is no excuse to say that the officers and employees who participated in the corporate transaction involved are not within the jurisdiction or that they refuse to appear or testify in New York. So long as the person who participated in the questioned corporate activity is an officer or employee of the corporation, or is under its control or direction, it is the corporation’s responsibility to produce that person pursuant to a subpoena served upon the corporation.”
The State has sought to distinguish the Standard Fruit case on the theory that the manner in which an administrative *185 body, such as the Waterfront Commission, exercises subpoena power is different from that which a private litigant may exercise. The State requests a construction of Standard Fruit limiting it to its particular facts and cites Jones v State of New York (62 AD2d 44) as controlling. In Jones the issue was whether a subpoena duces tecum,[1] requiring the presence at trial of approximately 600 State Police officers, should be quashed. The case involved several damage claims arising out of the retaking of the Attica Correctional Facility by State Police on September 13, 1971. A single subpoena had been served upon the Superintendent of State Police pursuant to a stipulation that this would constitute sufficient service upon all of the officers. The court held that in view of representations by claimants’ counsel that the number of witnesses who would actually be needed to testify could be substantially reduced, the subpoena for all 600 officers should be quashed. The court stated (p 50): "Claimants may subsequently serve subpoenas upon such witnesses as are necessary for the trial of these actions, in accordance with provisions of the CPLR, including those concerning payment of witness and mileage fees (CPLR 2303, 8001).”
The opinion of the Fourth Department in Jones makes no mention of Standard Fruit, and we perceive the issues involved in those cases to have been somewhat different. In particular, the main point decided in Standard Fruit concerning the propriety of the method of service employed, was the subject of a stipulation in Jones. A conflict does exist between the two cases; however, since the Appellate Division in Jones quashed the subpoena which had been the subject of the stipulation and then directed that service be made upon each individual witness, at least initially. The Standard Fruit decision obviates this procedure entirely, placing upon the corporation the responsibility for producing its officers and employees.
The Court of Appeals decision in the Standard Fruit case is the higher authority and must be followed unless it is distinguishable from the case at bar. We believe that it is not. The CPLR draws no distinction between subpoenas issued by attorneys and commissions, stating merely that they both have authority to issue such process without court order (CPLR 2302). If anything, the right of an attorney to issue compul *186 sory process is less subject to limitation than that of an administrative agency or commission. The use of such process by a commission for example, requires a demonstration that the inquiry sought is reasonably related to the purpose for which the commission was created. (Matter of Erb Strapping Co. v Waterfront Comm. of N. Y. Harbor, 31 AD2d 101, 103;) An attorney, on the other hand, may issue the process as of right (CPLR 2302).
It is similarly impossible to distinguish Standard Fruit from the present case on the theory that the State should be treated differently from a private corporation. Such a distinction would violate the spirit of section 8 of the Court of Claims Act, which provides in relevant part as follows: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article.” The sovereign character of the State is therefore no justification for requiring a different method of service than that which is applicable to corporations. In fact, the State is treated like a corporation for many purposes, including the closely related area of discovery. (National Reporting v State of New York, 46 AD2d 576; Rufer v New York State Teachers Assn., 42 AD2d 1040.)
Undoubtedly, the court’s power to quash or modify a subpoena which is unduly burdensome, is not affected by the holding in Standard Fruit. The issue of burdensomeness was the crux of Jones wherein, as previously indicated, claimant sought production of 600. State Police officers. In that case, there was insufficient justification for permitting such a massive disruption of governmental administration. No such contention was raised however in the present case. We note further that the court in Jones indicated that if personal service upon each of the proposed witnesses proved an insurmountable burden to the claimants, an appropriate method of service could be devised. (Jones v State of New York, 62 AD2d 44, 50, 51, supra.) The implication is clear that the form of compulsory process may be adapted to reflect the special needs of the litigants. (CPLR 308, subd 5; 2303.)
Accordingly, we hold that personal service upon each of the individuals named in the subpoena is unnecessary, and that the State is required to produce them at trial. This *187 method of service should minimize the disruption of government activities, since the diversion of these persons from their normal duties to testify as witnesses can be accomplished by a central authority and not haphazardly. Such a procedure is not only practical, but logical, since the State, like a corporation, can only appear by its officers or agents. As the party defendant, it is properly responsible for their production.
The State’s second contention is that a subpoena duces tecum was improperly used in this case, since the function of such process is to require the production of documents, not witnesses. The subpoena itself is a printed legal form which contains the words "Judicial Subpoena Duces Tecum” in the upper right corner. A printed portion of the form which directs the production of specific documents has been deleted, and in its place has been inserted a direction to produce for testimony the persons previously described. Following the enumeration of names, there is a printed clause calling for the production of all other deeds, evidences and writings concerning the premises.[2]
Claimants contend that the substance of the subpoena, and not its purported designation, is controlling, and that this was clearly a subpoena ad testificandum.[3] Claimants also point out that a separate subpoena was served calling for the production of documents.
We judge that claimants’ use of the duces tecum form for the purpose of requiring the attendance of specific witnesses was error. Such a formal defect would probably have proved fatal to the process in an earlier period of legal history. Modern jurisprudence is, however, generally more concerned with substance than with form. (Western Elec. Co. v Brenner, 41 NY2d 291; State of New York v Cortelle Corp., 38 NY2d 83 [Statute of Limitations]; Rappaport v International Playtex Corp., 43 AD2d 393 [sufficiency of pleadings].) The purpose of the subpoena was clear to the State, and the erroneous appellation of the process resulted in no prejudice. There is consequently no justification for quashing the subpoena for this reason.[4]
*188 The final point raised by the State concerns claimants’ failure to tender witness and mileage fees in advance. Upon oral argument claimants’ counsel indicated that such fees would be tendered prior to the date of the trial, which has been adjourned sine die pending a decision on this motion. Although it is undoubtedly better practice to tender fees at the time the subpoena is served, the law deems the tender sufficient if it is made prior to the return date of the subpoena. (Osborne v Miller, 67 Misc 2d 824.)
We have considered the State’s remaining arguments and find them to be without merit.
Accordingly, the State’s motion to quash is denied.

. See footnote 4, infra.

. This clause appears to be a continuation of the sentence which claimant deleted, and should also have been deleted in order to render the document logically coherent.

. The CPLR refers to a witness subpoena merely as a "subpoena”. The use of the term "ad testificandum" is used herein solely to avoid confusion.

. In Jones v State of New York (62 AD2d 44, supra), the Appellate Division did not comment upon the apparently erroneous use of the designation "subpoena duces tecum”.