■ In the Matter of ANTONIO PARISI, Respondent, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Appellant. — Order, Supreme Court, New York County, entered August 28, 1980, which granted petitioner's motion, *inter alia,* to set aside the service of a subpoena duces tecum issued by the Waterfront Commission to the extent of modifying the subpoena to limit its scope to the production of the records of Dominick Mancini only, unanimously reversed to the extent appealed from, on the law, without costs or disbursements, and the motion denied in its entirety. As issued the subpoena was limited to the sign-in books and attendance records of waterfront workers' compensation patients treated by petitioner, a doctor, so that no issue of privilege is involved. Its issuance was neither arbitrary nor in excess of the commission's jurisdiction. The commission may subpoena persons not subject to its regulatory powers if the inquiry is reasonably related to the purposes for which the commission was created. *(Matter of Erb Strapping Co. v Waterfront Comm. of N. Y. Harbor,* 31 AD2d 101.) The commission's investigation into fraudulent workers' compensation claims by longshoremen is an ongoing one. We also do not find that the subpoena was vague or overly broad. Concur — Kupferman, J. P., Sullivan, Carro, Markewich and Lupiano, JJ.