■ In the Matter of EASTERN INDUSTRIAL SUPPLY CORP., Appellant, v WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent. — Judgment of Supreme Court, New York County (Xavier C. Riccobono, J.), entered January 21, 1983, denying in all respects petitioner's application to quash or modify a subpoena duces tecum, unanimously reversed, on the law and the facts,

without costs, and the application granted to the extent of modifying the subpoena by limiting it to production of records relating to petitioner's business with clients, suppliers and contacts on the waterfront or in waterfront-related industries, as defined herein. Petitioner is a supplier of food and industrial goods to such institutional buyers as hotels, restaurants, schools, churches and maritime vessels. Respondent Waterfront Commission served a sweeping subpoena upon petitioner in July, 1982 for all books, records and documents in connection with its business for calendar years 1979-1981. The subpoena called for production of such items as general ledger, general journal, cash disbursements book, cash receipts book, sales book, sales invoices, purchase journal (account payable register), canceled checks and bank statements, petty cash vouchers, vouchers in support of payments made by the company, weekly payroll (earnings register), individual payroll (earning cards), stock certificate book and minute book. The commission's inquiry was a result of its investigation of overbilling and other fraudulent practices on the waterfront, which led respondent to believe petitioner had been involved in such activities in connection with marine repairs. Petitioner's president, Joseph Lacqua, protested that only 2 — 5% of its gross sales during the years in question were derived from business with individuals or firms licensed by respondent. Lacqua was apparently a prime reason for issuance of this sweeping subpoena, inasmuch as he and his brother and late father had been the owners of a company which had been denied a stevedoring license by respondent for earlier overbilling activities and improper engagement in financial transactions with a union representative. Lacqua's brother had also been a part owner of another marine repair company denied a stevedore license because of its involvement in an illegal kickback scheme. Special Term, in an opinion by Justice Henry R. Williams, was correct in upholding the commissioner's jurisdiction to investigate petitioner's activities in connection with individuals and companies licensed by the commissioner to do business in the Port of New York and New Jersey. The Waterfront Commission Act (L 1953, ch 882, § 1, art I) was adopted to combat corrupt practices on the waterfront. The commission, created pursuant thereto, was given broad powers to investigate corruption and to make and enforce rules and regulations for conduct on the waterfront (L 1983, ch 882, § 1, art IV; *Matter of Erb Strapping Co. v Waterfront Comm. of N.Y. Harbor,* 31 AD2d 101). The commission may subpoena persons and records even where the persons are not subject to its regulatory or licensing powers, so long as the inquiry sought is reasonably related to the purposes for which the commission was created (*Matter of Parisi v Waterfront Comm. of N.Y. Harbor,* 79 AD2d 967, affd 53 NY2d 914; *Matter of Erb Strapping Co. v Waterfront Comm. of N.Y. Harbor, supra*). Notwithstanding the broad legislative grant of power, it is well established that this subpoena authority must be utilized within circumscribed limits of discretion so that its exercise is reasonably related to the subject matter under investigation and the public purpose sought to be achieved (*Carlisle v Bennett,* 268 NY 212). Even where a governmental agency has jurisdiction to investigate, such investigatory powers are not unbridled. "There must be authority, relevancy, and some basis for inquisitorial action" (*Matter of A'Hearn v Committee on Unlawful Practice of Law of N.Y. County Lawyers' Assn.,* 23 NY2d 916, 918, cert den 395 US 959; *Matter of Becker v Levitt,* 65 AD2d 865, 866). Where the exercise of subpoena power has been overly broad, such as to demand records dealing with matters other than the particular subject matter under investigation, courts have intervened to quash or limit the scope of such subpoenas. (See *Matter of Horn Constr. Co. v Fraiman,* 34 AD2d 131, affd 29 NY2d 559; *Matter of L & S Hosp. & Institutional Supplies Co. v Hynes,* 51 AD2d 515 [case No. 2].) The subpoena under review calls for virtually all of petitioner's business

records for a three-year period. It has not been shown that all the materials sought in this broad and sweeping subpoena are relevant and necessary to the investigation. The burden is on respondent to demonstrate the relevance of the material sought to be produced. Respondent has here failed to justify the breadth of the subpoena on grounds other than the reputation of petitioner and its principal officer, a factor which fails to satisfy the three-pronged test of authority, relevancy and basis for inquisitorial action. Negotiations on an agreement between the parties, undertaken at the suggestion of the court, have failed because of an inability to accept a definition of "waterfront-related business". The parties have agreed that for purposes of this case they will accept the court's definition. We have concluded that it is to cover all records and documents pertaining to transactions with any business entity connected with the waterfront of the Port of New York and New Jersey, including but not limited to work related to vessels, cargo or cargo-handling equipment, whether such transactions are with entities which are licensed or subject to license by the commission, which utilize licensed or registered employees, or which are merely carriers or agents of carriers of freight by water. Concur — Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.