OPINION OF THE COURT
Lewis R Friedman, J.
This motion to quash a trial subpoena presents a question which occurs often at trials and is one about which most counsel have instinctive reactions; yet the issue has not been clearly resolved in the reported cases. The question presented is whether a party may serve a trial subpoena on a corporate party for the production of an employee located out of State as a witness.
Plaintiff in the middle of this protracted breach of contract trial issued a trial subpoena ad testificandum to Elaine Zunick, a secretary employed by defendant (GM). Ms. Zunick lives and *822 works in Michigan. It appears that from January 1992 to August 1994 Ms. Zunick was the secretary to Benson Woo, who had. been a GM employee; Ms. Zunick is sought by plaintiff in an attempt to authenticate document number 21045, which was allegedly handwritten by Mr. Woo in 1986. The subpoena was served on GM in New York. Plaintiff did not attempt service on Ms. Zunick in Michigan. GM contends that the service of the subpoena on it, for the production of a witness from outside the State, is beyond the power of the court.
The law is well settled that the service of a subpoena outside the State is beyond the court’s power. Judiciary Law § 2-b provides that:
"a court of record has power
"1. to issue a subpoena requiring the attendance of a person found in the state to testify”. (Peterson v Spartan Indus., 40 AD2d 807, 807-808 [1st Dept 1972], affd 33 NY2d 463 [1974]; Siemens & Halske GmbH. v Gres, 37 AD2d 768 [1st Dept 1971]; Wiseman v American Motor Sales Corp., 103 AD2d 230, 234 [2d Dept 1984].)
Based on that general rule plaintiff correctly concluded that it could not serve a subpoena on Ms. Zunick in Michigan. Plaintiff instead served the subpoena on her employer who is obviously subject to the court’s jurisdiction.
Plaintiff contends that the subpoena comes within the holding of Matter of Standard Fruit & S. S. Co. v Waterfront Commn. (43 NY2d 11, 15 [1977]). In Standard Fruit the Court of Appeals held that the subpoena power of the Waterfront Commission, which is similar to that of the courts except that it extends to both New York and New Jersey, permitted subpoenas to corporations for the production of two corporate officers who were apparently not within either State. The Court ruled that "a corporation doing business in New York may be subpoenaed to testify as a witness about a corporate transaction through its officers and employees who have knowledge of the transaction” (43 NY2d, at 15).
GM contends that Standard Fruit (supra) created "a limited exception” to the prohibition on the service of subpoenas out of State. GM relies on the Court’s language that, it claims, limits the holding in the case to instances where the subpoenaed person "participated in the questioned corporate activity” (supra, at 15). GM argues that since Ms. Zunick is being subpoenaed only to authenticate a document she was not sufficiently involved in the disputed contract or its alleged breach *823 to have "participated” in it. There is no doubt that New York cases which have cited Standard Fruit have generally used similar phrases. For example, in Castro v Alden Leeds (144 AD2d 613, 615 [2d Dept 1988]), defendant’s vice-president delivered a manual containing "critical information” and promptly left the Court’s jurisdiction. Also in Amivest Corp. v Morgantos N. V. (178 AD2d 180 [1st Dept 1991]), the Court referred to "knowledgeable representative[s]” about the facts in issue. So, too, there is language in Leibowitz v State of New York (95 Misc 2d 183, 184 [Ct Cl 1978]). The court found that service of individual subpoenas on necessary witnesses was not required.
The court’s review of the cases, those cited by the parties and others, does not lead to the conclusion that the Standard Fruit case (supra) contained any limitations on the persons who could be subpoenaed by service on their employer which is a party to a New York action. The question the Court of Appeals decided was whether there was the power to issue the subpoena and compel the production of the nonresident employee as a witness. There is nothing in the Court’s jurisdictional analysis which turns on the witness’s degree of knowledge about the case. Despite GM’s continual reference in its papers on this motion to a "limited exception” to the rules on the geographic scope of a trial subpoena, there is nothing in Standard Fruit to support that reading. The Court simply makes absolutely no statement that the ruling is a limiting exception to the power of the agency issuing the subpoena.
Common sense indicates that the court’s power to require the presence of a witness cannot be affected by that witness’s centrality to the case. The power of the court would be the same no matter how peripheral or central the witness’s testimony, if as Standard Fruit (supra) holds, the issue is the power over the party. Moreover, the use of apparently limiting phrases in some of the cases, as noted supra, does not reflect those courts holding that Standard Fruit is limited. Rather the courts were simply describing the situation in the case before the court. None of the decisions contain any expressions or reservations about the scope of the court’s power to issue the subpoenas.
This court’s conclusion that there is power to compel the production of an out-of-State employee witness for trial is strongly supported by the long-established rule that an out-of-State employee may be required to appear for deposition merely upon notice to the employer, if it is a party to the case *824 before the court (see, CPLR 3106 [d]; 3110 [1]; e.g., Abrams v Vaughn & Bushnell Mfg. Co., 37 AD2d 833, 834 [2d Dept 1971]; Green v Kautex Machs., 112 AD2d 21 [4th Dept 1985]). While there are substantial differences, such as the materiality standard, for deposition witnesses and witnesses at trial the court cannot see how the court’s power to compel the attendance of the witness would be impacted. The court is also aware that the Standard Fruit Court relied on Southbridge Finishing Co. v Golding (2 AD2d 430 [1st Dept 1956]), a case dealing with pretrial disclosure, to support its jurisdictional conclusion. And, of course, the rules as to subpoenas duces tecum contain no "centrality” factor and clearly require production of documents from a party wherever the documents may be located (Matter of American Dental Coop. v Attorney-General of State of N. Y., 127 AD2d 274 [1st Dept 1987]).
There is no question that GM is a party subject to the court’s jurisdiction. That is sufficient to make it responsible for the production of its employees at trial in response to a subpoena, albeit at the expense of the other party. There does not appear to be a need for the court to have an independent jurisdictional basis over the witness herself for the subpoena to be valid. This conclusion is consistent with the general notion of practicing trial attorneys — that the service of a trial subpoena ad testificandum on a party which is the employer of a proposed trial witness is sufficient. Most trial counsel would, no doubt, be surprised to léarn that the court would only enforce such a subpoena after a midtrial hearing on the witness’s centrality to the case. The traditional rule is that "[s]ince the court should not anticipate potential lines of questioning, the power to issue a subpoena ad testificandum is absolute, and unlimited” (Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 719 [2d Dept 1983]; Matter of Dwyer v Wilcox, 92 AD2d 646 [3d Dept 1983]; Matter of Hirshfeld v Craig, 239 NY 98, 117 [1924]). The court should not impose a pretestimonial hearing on the "absolute and unlimited” right of a party to issue a trial subpoena.
The court has no doubt that the subpoena served on GM for Ms. Zunick’s production is valid. GM raises several other objections which amount to a claim that the document which she is being asked to authenticate should have been raised during the deposition of Mr. Woo. The court will not comment on the tactical position taken by both sides to avoid either identifying the author of document number 21045 or of asking questions about it. The question of whether a commission to take the further deposition of Mr. Woo in Illinois should issue is not related to the validity of the subpoena at issue.
*825 The motion to quash is denied. The parties will confer today with the court concerning the mechanics and timing of Ms. Zunick’s appearance.