OPINION OF THE COURT
Arthur M. Diamond, J.
Plaintiffs have moved in limine for a court order directing the defendant treating physician, Dr. Nilaya Bhawsar, D.O., to appear and testify on plaintiffs’ direct case, or be precluded from testifying on his own case. Both parties have submitted memoranda of law as requested by the court.
Dr. Bhawsar was the treating physician resident who treated plaintiff in the emergency room at North Shore University Hospital-Manhasset (hereinafter referred to as NSUH) on the date of the alleged medical malpractice, and is also a named party defendant in this case. Dr. Bhawsar resides in New Jersey and plaintiffs have not served a subpoena upon him in New York. Defense counsel indicates that Dr. Bhawsar will testify on behalf of the defendants, but will not be produced at plaintiffs’ request to appear to testify on plaintiffs’ direct case.
Plaintiffs seek a court order to compel Dr. Bhawsar to testify on their direct case in accordance with the Court of Appeals case of McDermott v Manhattan Eye, Ear & Throat Hosp. (15 NY2d 20 [1964]). Plaintiffs contend that the court can provide plaintiffs the requested relief based upon the court’s own inherent authority. Defendants contend that they do not have to produce the defendant Dr. Bhawsar because he is outside the jurisdiction of the court and is not amenable by service of a trial subpoena personally under CPLR 2303 and Judiciary Law § 2-b.
While a subpoena must be served in the State of New York, it does not expressly require the in-state physical presence of the person served at the time of service. As the Appellate Division of the First Department stated in Coutts Bank (Switzerland) v Anatian (275 AD2d 609, 611 [2000]), “Judiciary Law § 2-b is concerned not with where the witness is located, but, rather, *232 where service is made.” “Our courts . . . have not been hesitant in extending the reach of a subpoena to persons outside the State if they have a presence in the State and service is effected within the State.” (Id.) Therefore, where a person is a party to an action pending in New York, a trial subpoena can be personally served upon the party’s counsel pursuant to CPLR 308 (5) because the court has jurisdiction over the party who has appeared and answered in the pending litigation by virtue of the party submitting himself to the jurisdiction of the court. (See Coutts Bank [Switzerland] v Anatian at 612-613; Campbell v New York City Health & Hosps. Corp., 2002 WL 34675319 [Sup Ct, Bronx County 2002, McKeon, J.].)
Since defendant’s counsel is capable of being served personally pursuant to CPLR 308 (5) within New York State, the need to do so is obviated by the more recent statute CPLR 2303-a which allows service upon counsel pursuant to CPLR 2103. Therefore, if plaintiffs seek to produce defendant Dr. Bhawsar, they can do so by serving defendant Bhawsar’s counsel under CPLR 2103 (b).
Furthermore, the court finds that plaintiffs have the option of serving a subpoena upon the defendant North Shore University Hospital-Manhasset by serving its counsel under CPLR 2303-a, which hospital is domiciled in New York, to compel North Shore to produce Dr. Bhawsar to testify on plaintiffs’ case. The Court of Appeals has held that a corporation amenable to the jurisdiction of New York courts may be subpoenaed to produce a person under its control that has knowledge of the transaction at issue. (See Matter of Standard Fruit & S. S. Co. v Waterfront Commn. of N.Y. Harbor, 43 NY2d 11 [1977]; Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2303-a:l, at 70.) Even though Dr. Bhawsar is not currently an employee of NSUH, he is a party defendant who was the treating physician and resident-employee of the hospital at the time of the alleged malpractice. Defendant Dr. Bhawsar is insured under the same insurance policy as the hospital NSUH, and has the same attorney as NSUH which was provided by the insurance carrier. Dr. Bhawsar is required to cooperate and testify at the request of NSUH as a condition of being insured, or the insurance carrier can disclaim coverage. Accordingly, NSUH has control over Dr. Bhawsar even though he is an out-of-state resident, and NSUH can be compelled to produce him. *233 (See 23/23 Communications Corp. v General Motors Corp., 172 Misc 2d 821, 823-824 [1997].) Therefore, plaintiffs can also serve defendant NSUH’s counsel with a subpoena pursuant to CPLR 2303-a.