(66 App. Div. 514.)

### ZINSSER v. COLUMBIA CAB CO.

(Supreme Court, Appellate Division, First Department.  December 6, 1901.)

1. PLEADING—INSUFFICIENCY—STRIKING OUT BY TRIAL COURT.
    The court upon the trial may strike out an insufficient defense as frivolous, though the plaintiff has neither demurred thereto nor moved for judgment thereon as frivolous, and though the Code of Civil Procedure requires that a motion to strike out a pleading as frivolous must be made at special term on notice.

2. SAME—AMENDMENT—DISCRETION OF TRIAL COURT.
    The granting or refusal of permission to amend on the trial an answer setting up a counterclaim is within the discretion of the trial court.

3. SAME—ACTION ON NOTE—PAROL AGREEMENT—INADMISSIBILITY.
    In an action on a promissory note, by which defendant promised to pay the plaintiff a certain sum at a certain date, a contemporaneous oral agreement that the note should not be paid in cash, according to its terms, but in trade, is inadmissible.

4. SAME—WANT OF CONSIDERATION.
    Where a debtor gives his note to his creditor in payment of the amount due, a contemporaneous oral agreement that the note shall not be paid in cash, according to its terms, but in trade, is without any consideration, and constitutes no defense to an action on the note.

Appeal from trial term, New York county.

Action by August Zinsser against the Columbia Cab Company. From a judgment for the plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. Bronson Ker, for appellant.

E. Ormonde Power, for respondent.

INGRAHAM, J.  The action is upon a promissory note, whereby, three months after date, the defendant promised to pay to the plaintiff the sum of $350, for value received.  The answer admits all the allegations of the complaint, and sets up a separate defense and a counterclaim.  Upon the trial the court held that the separate defense was frivolous, and the question arising upon the counterclaim was tried, upon which the jury found for the plaintiff.  The defendant criticises this action of the court in striking out the defense as frivolous as not justified by the practice, as that motion could only be made at special term upon notice, under the provisions of the Code of Civil Procedure.  The effect, however, of this ruling was simply to hold that the allegations constituting the defense were not sufficient as a defense to the cause of action set up in the complaint.  The sufficiency of the defense was a question to be presented upon the trial.  It was not waived by the failure of the plaintiff either to demur or to move for judgment thereon as frivo-

lous. The defendant asked to be allowed to amend the counter-claim. This the court refused to allow upon the trial; and it is not necessary to determine whether or not the court had power to allow such an amendment, as it was clearly within the discretion of the court to determine whether or not, under the circumstances, the answer should be amended.

The only question presented is as to the sufficiency of the defense. The instrument sued on was a promissory note, whereby the defendant promised, three months after date, to pay to the plaintiff $350, at 107 and 109 West Ninety-Second street, for value received. The defense alleged that at the time this note was given the defendant was indebted to the plaintiff in the amount specified, which was the price of a carriage sold by the plaintiff to the defendant; that at the time of and contemporaneous with the making of the note the defendant entered into an agreement with the plaintiff, which agreement was a condition precedent to the giving of the said note, whereby it was agreed that the defendant was to give the plaintiff the promissory note set forth in the complaint for an indebtedness due by the defendant to the plaintiff amounting to the sum of $350; that the said indebtedness, as represented by the said promissory note, was to be paid by the defendant, not in cash, but in trade; the plaintiff to have the privilege of hiring or otherwise using the horses and carriages belonging to the defendant, and of not paying for such use, but that the same was to be charged up against the plaintiff from time to time until the full amount of $350, as represented by the said note, was paid. If there is anything left of the rule that a contemporaneous verbal agreement which contradicts in terms a written obligation sought to be enforced is not valid as a defense upon an action to enforce the obligation, it would seem that this ruling of the court below was correct. By it the defendant agreed to pay so many dollars at a time and place specified. The obligation is in writing, signed and delivered, and the making, execution, and delivery of this obligation is admitted. The contemporaneous oral agreement sought to be proved contradicts this written obligation. By it the defendant was not to pay this sum of money at the time and place specified, but was to pay it by hiring horses and carriages to the plaintiff, and applying the amounts charged therefor to the payment of the note. In all the cases in which contemporaneous oral agreements have been alleged as a defense to an action upon an obligation of this character there was evidence to show that the full agreement between the parties was not set forth in writing, or that the instrument was executed and delivered conditionally. This was the case in Juilliard v. Chaffee, 92 N. Y. 529, upon which the defendant seems to rely. That case presented a question thus stated by the court:

"The apparent obligation incurred by the defendant under the paper put in evidence by the plaintiff was to pay the sum named upon demand in consideration of so much money then borrowed; but the evidence disclosed that it was only part of a prior parol arrangement, by the terms of which the payees were to advance money in anticipation of debts owing by them, and on the defendant's promise that it should be so paid in discharge of those debts; and which also provided for a return of the paper to the defend-

ant when the money was so applied. The note did not constitute the agreement, nor is it set out in the complaint as the foundation of the action. It is evidence of part of the agreement, and, when relied upon by one party, the other might properly show in defense the whole transaction."

This condition does not exist in this case. Here the plaintiff sues upon the note, not upon the prior oral agreement. The defendant does not allege a prior agreement between the parties, and that the note was given as evidence of a part of that agreement, but simply alleges that when he gave the note it was accompanied by an oral agreement that it should not be paid according to its terms. There is no question as to the liability of the defendant to pay the plaintiff this sum of money, but it is alleged that the plaintiff, who was concededly entitled to recover from the defendant the full amount of this note, promised when the note was given that it should not be payable according to its tenor. But this oral agreement was entirely without consideration. The defendant alleges that he was indebted to the plaintiff in the sum of money represented by the note, and gave his note for the amount then due. At the same time the plaintiff promised that it should not be paid in accordance with its terms. The defendant parted with nothing. He received an advantage, as the debt could not be collected until the note became due. The plaintiff received nothing except the obligation to pay a debt that was then due. There was an entire failure of consideration to sustain any promise of the plaintiff. There seems to me to be no doubt but that such an agreement was entirely insufficient as a defense to an action upon the note.

It follows that the judgment and order appealed from should be affirmed, with costs.

PATTERSON and LAUGHLIN, JJ., concur. HATCH, J., concurs upon the ground that, as the debt was due when the note was given, the agreement to pay in carriage hire was without consideration for its support, and was therefore unenforceable.