J. Irwin Shapiro, J.
Motion by plaintiff
“ (1) For an order Pursuant to Rule 104 of the Rules of Civil Practice, striking out the affirmative defenses contained in paragraphs ‘ fifth ’ and ‘ sixth ’ of the answer interposed by the defendant on the ground that same are sham, false and frivolous, and granting to plaintiff judgment on the pleadings; and/or in the alternative
“ (2) For an order pursuant to Rule 112 of the Rules of Civil Practice striking out the affirmative defenses contained in the answer interposed by the defendant and granting judgment on the pleadings in favor of the plaintiff on the ground that said defenses and each of them are insufficient in law upon the fact thereof; and/or in the alternative
“ (3) For an order pursuant to Rule 113 of the Rules of Civil Practice striking the answer of the defendant and granting Summary Judgment in favor of the plaintiff
The action is by the plaintiff to recover the sum of $20,000 upon a demand promissory note made by the defendant to the order of the plaintiff and dated September 13, 1954.
The defendant in opposition to the motion “ admits that the $20,000.00 sued upon was advanced by the plaintiff” but he says that her affidavit “ is deficient in that it does not set *997 forth all of the facts and circumstances under which the said loans were made.” It is undenied that the $20,000 is made up of two loans, the first of $5,000 and the second of $15,000, and that when the second loan was made both sums were ‘1 incorporated into one note for $20,000.00 ”, the note sued upon. Defendant says that this note of $20,000 1 ‘ was not to be paid by deponent until such time as his finances permitted him to do so, and further, that in the event said sum was not repaid prior to six years from the date of such note to be given, that the plaintiff would accept a new note in lieu thereof, to become due six years thereafter, and that in the intervening period, no suit would be brought upon the first note or the contemplated renewal note to be given six years thereafter.” The defenses incorporating the foregoing are clearly insufficient as a matter of law, and raise no legal issue permitting deferment of judgment to plaintiff.
The contention of the defendant may not legally be established. If his contention could now be given credence for the purpose of depriving the plaintiff of her right to recover upon this promissory note, it is obvious, that she could never successfully sue thereon for, if she commenced an action after the Statute of Limitations had run, the defendant could successfully interpose that statute as a defense.
In Zinsser v. Columbia Cab Co. (66 App. Div. 514), the Appellate Division held that in an action on a promissory note in which defendant promised to pay plaintiff a certain sum on a certain date, an alleged contemporaneous oral agreement that the note should not be paid in cash, according to its terms, but in trade, Avas inadmissible. Said the court (pp. 516-517): ‘ ‘ Here the plaintiff sues upon the note, not upon the prior oral agreement. The defendant * # * simply alleges that when he gave the note it was accompanied by an oral agreement that it should not be paid according to its terms. There is no question as to the liability of the defendant to pay the plaintiff this sum of money, but it is alleged-that the plaintiff, who was concededly entitled to recover from the defendant the full amount of this note, promised Avhen the note was given that it should not be payable according to its tenor. But this oral agreement was entirely Avithout consideration. The defendant alleges that he was indebted to the plaintiff in the sum of money represented by the note, and gave his note for the amount then due. At the same time the plaintiff promised that it should not be paid in accordance with its terms. The defendant parted with nothing. # * * There was an entire failure of consideration to sustain any promise of the plaintiff. There seems to me to *998 be no doubt but that such an agreement was entirely insufficient as a defense to an action upon the note.”
The defendant admits that the note here sued on represents an honest to goodness outstanding debt; it was therefore valid when issued. He is, therefore, precluded from establishing any alleged condition subsequent which would make the note invalid or which would tend to contradict or vary its terms. (Jamestown Business Coll. Assn. v. Allen, 172 N. Y. 291.) That is precisely what he is here attempting to do.
As the court said in Smith v. Dotterweich (200 N. Y. 299, 305): “When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change hy parol, then the spoken word must yield to the written compact. ’ ’
This is not such a case as Hoagland, Allum & Co. v. Allan-Norman Holding Corp. (228 App. Div. 133) in which the court was dealing with a condition precedent and in which the note was not to become effective as a legal instrument unless and until the happening of a contingency which ‘ ‘ was to give inception to the note.”
It is quite clear, therefore, that the defendant has no defense to this action and that the alleged oral agreement cannot be legally permitted to vary or contradict the terms of the written promissory note. The defendant has the plaintiff’s $20,000; he owes it to her and he should pay it. The motion is in all respects granted.