■ SIEMENS & HALSKE, GMBH., Respondent, v. JACQUELINE M. GRES, Appellant.— Order, Supreme Court, New York County, entered on April 27, 1971, which denied the respondent-appellant's motion to quash petitioner-respondent's subpoena duces tecum in supplementary proceedings, to enforce the judgment involved in Appeal No. 4036, unanimously reversed on the law, without costs and without disbursements, and the motion to quash the subpoena duces tecum is granted. The respondent-appellant is concededly a resident and domiciliary of New Jersey, and the subpoena was served upon her there, requesting her appearance here in New York to testify concerning her assets. The motion to quash the subpoena was on the ground that out-of-State service of a subpoena on a nonresident is void. The court at Special Term determined that the proceeding supplementary to judgment was in the nature of a " special proceeding " pursuant to CPLR 5221 (subd. [a], par. 4), to be commenced pursuant to the provisions of CPLR 304, and that the subpoena duces tecum could fill that function and be served in the same manner as a summons under CPLR 2303. While under the " long-arm " statute, a summons may be served outside the State, there is no such provision for a subpoena. Former section 63 of the former Civil Practice Act survives as section 2-b of the Judiciary Law. It provides as follows: " A court of record has power. 1. to issue a subpoena requiring the attendance of a person found in the state to testify in a cause pending in that court, subject, however, to the limitations prescribed by law with respect to the portion of the state in which the process of the local court of record may be served ". There is no indication that service of a subpoena without the State is authorized. (*Israel Discount Bank* v. *P. S. Prods. Corp.*, 65 Misc 2d 1002.) Judgment, Supreme Court, New York County, entered on January 18, 1971, unanimously affirmed, without costs and without disbursements. Concur — McGivern, J. P., Markewich, Nunez, Kupferman and Murphy, JJ.