■ PETER MESSINA et al., as Executors of JOSEPH Y. RESNICK, Deceased, Respondents-Appellants, v. NORMAN TANNENBAUM, Appellant-Respondent.— Cross appeals from an order of the Supreme Court, entered May 25, 1971 in Ulster County, granting plaintiffs' motion for summary judgment upon a decision of the Court at Special Term. On July 26, 1968, defendant executed and delivered to Joseph Y. Resnick, now deceased, a promissory note payable September 26, 1968 in the amount of $25,000. Plaintiffs, coexecutors under decedent's will, commenced action on the note by serving defendant with a notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant admitted the execution of the note but asserted that the instrument was given with the understanding that for the $25,000 advanced to defendant, decedent was to receive stock in defendant's company and that the stock would be issued when the company "went public". Special Term held that

the note was valid on its face and the oral agreement alleged by defendant would be inadmissible under the parol evidence rule and, accordingly, rendered judgment in favor of plaintiffs for the face value of the note plus interest. Defendant asserts on this appeal that the business arrangement between himself and the decedent was a condition which could be explained by parol evidence. There is a distinction between a condition to the delivery of an instrument which may be shown by parol evidence (*Smith* v. *Dotterweich*, 200 N. Y. 299) and a condition to the payment of or performance on the note which may not be shown by parol evidence (*Jamestown Business Coll. Assn.* v. *Allen*, 172 N. Y. 291; *Central Hanover Bank & Trust Co.* v. *Duffy*, 258 N. Y. 600). Parol evidence is not admissible to show a prior or contemporaneous agreement that the instrument was to be paid in a certain way, for example, it was to be paid in trade and not in cash (*Zinsser* v. *Columbia Cab Co.*, 66 App. Div. 514); nor is it admissible to show that the instrument was not to be paid until the occurrence of a certain contingency (see *Higgs* v. *De Maziroff*, 263 N. Y. 473; 41 N. Y. Jur., Negotiable Instruments, § 392, pp. 603–604). The note contained a provision whereby the maker agreed that an attorney's fee of 15% of the principal and interest would be paid should an attorney be used in collecting the amount due if there were nonpayment upon maturity. While a specific demand for attorney's fees was not made in the notice of motion, the note, which was part of plaintiffs' moving papers, did specify that defendant was liable for attorney's fees of 15% of the principal plus interest. The plaintiffs' proposed order contained a provision for said attorney's fees, but Special Term did not include the provision in its order. Under the circumstances here present, plaintiffs should be granted permission to amend the demand to include the provision for attorney's fees. Order modified, on the law, without costs, so as to grant partial summary judgment to plaintiffs in the face amount of the note, with appropriate interest, and case remitted to Special Term with directions that permission be granted for an amendment of the demand and further proceedings not inconsistent herewith. Herlihy, P. J., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.