opinion of the court
Robert L. Estes, J.
The petitioning father in this proceeding seeks an order changing custody of the 8-year-old daughter of the parties from her mother, with whom she has resided in the State of Louisiana for over four years, to himself here in the City of Oneonta, New York. His petition was filed in August of 1982, but was thereafter adjourned, and not again scheduled for hearing until the court issued notices on December 9,1983, that the proceeding would be heard on January 10, 1984.
*937 While the child was in the State of New York for visitation during the Christmas holiday, the petitioner caused the child and himself to be served with a subpoena on December 30, 1983, requiring that the child appear in Family Court on January 10, 1984, at 1:30 in the afternoon, the return day and time of the custody petition. Such service occurred at the address of the petitioner’s lawyer’s office. A witness fee of $6 was tendered, but the record does not reflect whether the $6 was tendered to the petitioner or to the child. Upon oral argument, the petitioner’s attorney took the position that the $6 represented $2 witness fee plus $4 travel from Oneonta, New York, to Delhi, New York. No attempt was made to effect personal delivery of a copy of the subpoena upon the child’s mother in Louisiana, but a copy was mailed to her local counsel in Oneonta on December 30, 1983.
The validity of the service is challenged by a motion to quash, made by the child’s mother on Wednesday, January 4, 1984, the second business day following service of the subpoena.
It should be noted that the petitioner made no effort to avail himself of the procedures provided in the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA; Domestic Relations Law, art 5-A) during the 17 months which elapsed between the filing of the petition and the service of the subpoena. Specifically, sections 75-r and 75-s of the Domestic Relations Law, which are part of New York’s enactment of the UCCJA, provide for examination of out-of-State witnesses, and hearings out of State, respectively. (Domestic Relations Law, §§ 75-r, 75-s.) Neither did the petitioner seek an order of the court compelling production of the child pursuant to the UCCJA. (Domestic Relations Law, § 75-Z.) He elected, instead, to serve a subpoena at the threshold of trial.
The petitioner argues that service upon his daughter and upon himself as a parent, with tender of the appropriate fees computed from the place of his residence is effective compliance with CPLR 309 and 2303. Notwithstanding the fact that a subpoena ad testificandum can be returnable-forthwith, he also contends that a motion to *938 quash made by service of papers less than 13 days before the return date is untimely. Both arguments are erroneous.
The motion to quash was timely made. CPLR 2304 requires only that the motion be made promptly. A motion made two business days after service of the subpoena sought to be quashed, even if served by mail, as here, six days before the hearing, is prompt and timely.
The fundamental purpose of the travel expenses authorized by CPLR 8001 is to compensate a witness for the cost of transporting himself in compliance with the mandate of the State. Although the tender of $4 travel expenses suffices if one measures the travel distance as 20 miles from the law office where service took place to the courtroom, such a measure requires a hypertechnical application of the statute in a way which corrupts the purpose of the statute and the policy of the State. The legislature did not intend to permit a parent out of custody to impose upon a custodial parent the cost of transporting a child from such great distance as Louisiana by tendering a paltry few dollars based upon the fortuitous presence of the child in this State during the exercise of court-ordered visitation rights.
Equally significant concerning the validity of service of this particular process is the language contained in CPLR 309 (subd [a]), specifying the manner in which service upon an infant is made. The statute requires service upon “a parent * * * or any person having legal custody * * * 0r * * * any other person with whom he resides, or by whom he is employed” (emphasis added). The Legislature intended by such language that as between separated parents, the one having lawful custody of the child, or the one with whom the child resides, be served with process. It did not intend that a noncustodial parent within the State of New York could compel the attendance of his child residing out of State with the custodial parent, merely by serving process upon himself within the State. The fact that the child is also served while engaged in court-ordered visitation does not validate such service. To hold otherwise would discourage compliance by nonresident custodial parents with orders of visitation, by subjecting them to process'of the State *939 which is otherwise impermissible. (CPLR 309, subd [a]; Judiciary Law, § 2-b; Siemens & Halske, GmbH. v Gres, 37 AD2d 768.)
Most compelling in the instant case is the petitioner’s failure for 17 months following the filing of his petition to apply to the court for an order providing for procurement of the child’s testimony, or to avail himself of the remedies available under article 5-A of the Domestic Relations Law. The latter provisions were expressly enacted to address the procurement of evidence from parties and witnesses outside the State in child custody cases. The timing and manner in which the attempt in this particular case was made indicates the petitioner’s intention to pervert the subpoena process to the end of harassment of the respondent. This, the court will not permit. The motion to quash is granted.