■ In the Matter of Stephen, an Infant. Katherine Doe et al., Appellants. [659 NYS2d 588] —Order unanimously reversed on the law without costs, subpoena vacated and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: In this private placement adoption proceeding, Family Court erred in issuing a judicial subpoena directing the birth mother, an Ohio resident, to appear at a hearing in Rochester. Judiciary Law § 2-b (1) provides in relevant part that "[a] court of record has power * * * to issue a subpoena requiring the attendance of a person found in the state to testify in a cause pending in that court" (*see also*, NY Const, art VI, § 1 [c]; *Matter of Carroll v Gammerman*, 193 AD2d 202, 204). Because a New York court may not direct the service of a New York subpoena outside the State (*see, DuPont v Bronston*, 46 AD2d 369, 370-371; *Coombs v Rowand*, 39 AD2d 532, *appeal dismissed* 31 NY2d 853; *Siemens & Halske, GmbH. v Gres*, 37 AD2d 768), the court also erred in directing petitioners, the proposed adoptive parents, to serve that subpoena upon the birth mother in Ohio.

All requisite consent documents have been completed by the birth mother and legal father of the child to be adopted (*see*, Domestic Relations Law § 115-b [2] [a]; *Matter of Jarrett*, 224 AD2d 1029, 1030-1031, *lv dismissed* 88 NY2d 960). The birth mother has exercised her constitutional right to privacy not to disclose the identity of the putative birth father (*see, Matter of*

*Robert O. v Russell K.*, 80 NY2d 254, 265-266; *Matter of Jessica XX.*, 54 NY2d 417, 427, *affd sub nom. Lehr v Robertson,* 463 US 248; *Matter of Kevin G.,* 227 AD2d 622). In any event, the putative birth father failed to assert a parental interest and a willingness to assume full custody during the six months prior to the placement of the child. Thus, even if the birth mother had identified the putative birth father, he would not be entitled to notice of this proceeding, nor would he be entitled to give or withhold his consent to the adoption (*see,* Domestic Relations Law § 111-a; *Matter of Robert O. v Russell K., supra,* at 265-266). Because the child was conceived while his mother was married to his legal father, he was born in wedlock, the birth mother and her husband are his legal parents, and only their consent, which they have given, is needed for his adoption (*see,* Domestic Relations Law § 111 [1] [b]; § 111-a [3]; *Matter of Malpica-Orsini,* 36 NY2d 568, *appeal dismissed sub nom. Orsini v Blasi,* 423 US 1042; *Matter of Male F.,* 97 Misc 2d 505, 509).

We therefore reverse the order, vacate the subpoena and remit the matter to Monroe County Family Court for further proceedings to finalize the adoption before a different Judge. (Appeal from Order of Monroe County Family Court, Kohout, J.—Adoption.) Present—Green, J. P., Pine, Lawton, Boehm and Fallon, JJ. (Filed May 20, 1997.)