■ COUTTS BANK (SWITZERLAND) LTD., Respondent, v RACHAMIM ANATIAN et al., Appellants. (Action No. 1.) COUTTS BANK (SWITZERLAND) LTD., Respondent, v MORDECHAI GAL-OLIVER et al., Appellants. (Action No. 2.) [691 NYS2d 409] —Judgments, Supreme Court, New York County (Ira Gammerman, J.), entered April 21 and August 13, 1998, in favor of plaintiff and against defendants in actions pursuant to CPLR 3213, unanimously affirmed, with costs.

Plaintiff bank's alleged oral representations that it was committed to lending at least $100 million, and up to $150 million, to finance the expansion of defendants' televised home shopping business were significantly contradicted by the subsequent credit facility letters issued to the borrowing entities, which extended credit in a lesser aggregate amount, and specifically provided that the lines of credit "may be withdrawn without notice," were "being made available to you on an uncommitted basis," and "may be cancelled by us at any time." Such conflict rendered any reliance by defendants on the alleged oral representations of the existence of a $100 million commitment unreasonable as a matter of law, and such alleged oral representations cannot support the asserted defenses of fraud in the inducement or estoppel (*see, Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v Salomon Bros. Intl.*, 249 AD2d 232; *Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 282; *Stone v Schulz*, 231 AD2d 707, 707-708; *Glenfed Fin. Corp. v Aeronautics & Astronautics Servs.*, 181 AD2d 575, *lv dismissed* 80 NY2d 893). The "conditional delivery" rule of *Smith v Dotterweich* (200 NY 299) is inapplicable here, since defendants seek to prove the existence of a condition subse-

quent to payment under the promissory notes that would contradict the express language of the documentation of the loans (*see, Ruppert v Singhi*, 243 NY 156, 159-161; *Messina v Tannenbaum*, 37 AD2d 1041, 1042). Defendant Anatian's conclusory and self-serving contention that he signed certain of the guarantees by mistake is insufficient to raise an issue of fact. Similarly, he fails to raise a factual issue as to economic duress. Anatian contends that he was forced to sign certain of the guarantees as a result of plaintiff's alleged statements that it would not otherwise honor the alleged oral commitment to lend $100 million. However, plaintiff had no obligation to honor such alleged oral commitment, and, therefore, absent a legal obligation to do so, any refusal to honor such unenforceable arrangement cannot serve as a predicate for the defense of economic duress (*805 Third Ave. Co. v M.W. Realty Assocs.*, 58 NY2d 447, 453). Although not all of the promissory notes were guaranteed, Anatian failed to argue before the motion court that the borrowing entities' liability should be allocated among the various notes they signed, and any claim to such allocation is therefore unpreserved. Concur—Sullivan, J. P., Tom, Lerner and Buckley, JJ.