(September 14, 2000)

■ Coutts Bank (Switzerland) Ltd., Respondent, v Rachamim Anatian, Appellant, et al., Defendants. [713 NYS2d 45] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 10, 1998, denying defendant's motion to quash a subpoena duces tecum in aid of execution pursuant to CPLR article 52, affirmed, with costs and disbursements.

Under the unique circumstances presented, service of the subpoena upon defendant's New York attorneys pursuant to court order was permissible (*see*, Judiciary Law § 2-b; CPLR 2303). While not determinative, we note that defendant was actively litigating a related Federal action in the United States District Court located within this State. Concur—Mazzarelli, Ellerin and Friedman, JJ.

Sullivan, P. J., and Lerner, J., concur in a memorandum by Sullivan, P. J., as follows: Upon an *ex parte* order issued on October 1, 1998, pursuant to CPLR 308 (5), defendant judgment-debtor was served with a subpoena directing him to appear for a deposition in New York as to the nature and extent of his assets. In accordance with the order, service was effected by leaving a copy of it and the subpoena with the judgment-debtor's New York attorneys, who were then representing him in an appeal of the underlying judgment. These same attorneys were also engaged in prosecuting a parallel action on behalf of the judgment-debtor against the judgment-creditor in the United States District Court for the Southern District of New York, seeking damages arising out of the same transactions as underlie the judgment. The sole issue on this appeal from the denial of the judgment-debtor's motion to quash the subpoena is whether the method of service used comports with the limitations of Judiciary Law § 2-b (1), which confers upon a court the "power * * * to issue a subpoena requiring the attendance of a person found in the state to testify in a cause pending in that court."

After a grant of summary judgment, a judgment in excess of $50 million was entered in favor of Coutts Bank (Switzerland) Ltd., plaintiff herein, representing sums due Coutts on sixteen

promissory notes signed by the judgment-debtor on behalf of his limited liability companies (LLCs) and nine personal guaranties signed by him. On May 25, 1999, this Court affirmed the judgment (*Coutts Bank [Switzerland] v Anatian*, 261 AD2d 307, *lv dismissed* 94 NY2d 875).

The judgment-debtor, through counsel, vigorously opposed the summary judgment motion, which included the assertion of a completely unsubstantiated defense of forgery. It is undisputed that, in addition, the judgment-debtor and his family vacated their New York City residence before the judgment was entered and moved from the United States to a foreign jurisdiction, where, until 1989, the judgment-debtor had previously lived. On this record, especially considering the motion court's pre-decision oral assessment of his defenses, we have no difficulty in inferring that the judgment-debtor left the United States in an effort to evade satisfaction of the impending judgment.

Thereafter, Coutts applied to the IAS Court for, and obtained, an *ex parte* order, pursuant to CPLR 308 (5), directing personal service of a restraining notice and subpoena *duces tecum* on the judgment-debtor by leaving copies thereof with his attorneys, located in Manhattan, and mailing copies of the same to the judgment-debtor at his new address. Service of copies of both documents, as well as the order providing for such service, was thereafter effected.

The judgment-debtor, by order to show cause, thereafter moved to quash the subpoena. His request to stay the scheduled deposition pending hearing and determination of the motion was denied, as was his request in this Court for such relief (*see*, CPLR 5704). Coutts opposed the motion on the ground, *inter alia*, that the service of the subpoena on the attorneys, in light of their active involvement in the judgment-debtor's ongoing litigation activities in New York, was proper under CPLR 5224. The IAS Court denied the motion and this appeal followed.

The judgment-debtor argues that a subpoena may not be served on a person not physically present within the State of New York, and that the IAS Court lacked the authority to order service in the manner directed. He relies on Judiciary Law § 2-b, entitled, "General powers of courts of record," which authorizes issuance of a subpoena "requiring the attendance of a person found in the state" (§ 2-b [1]), interpreting the latter phrase to mean physically present in the state for purposes of service. This argument confuses the location of the witness at the time of service with the location of service.

The phrase "found in the state" is not defined either in section 2-b or its legislative history. Our courts, however, have not been hesitant in extending the reach of a subpoena to persons outside the State if they have a presence in the State and service is effected in the State. In *Matter of Standard Fruit & S. S. Co. v Waterfront Commn.* (43 NY2d 11), for example, the Court held that a corporation could be compelled to appear by an out-of-State corporate employee as long as the corporation was amenable to service within the State. (*See also, Castro v Alden Leeds, Inc.*, 144 AD2d 613 [in-State service of employer reaches out-of-State employee].) Even the cases cited by the judgment-debtor reflect that Judiciary Law § 2-b is concerned not with where the witness is located, but, rather, where service is made. (*See, e.g., Matter of Stephen*, 239 AD2d 963 ["New York Court may not direct the service of a New York subpoena outside the State"]; *DuPont v Bronston*, 46 AD2d 369; *Peterson v Spartan Indus.*, 40 AD2d 807, *affd* 33 NY2d 463.) Thus, while these cases make it clear that the subpoena must be served in the State, they do not expressly require the in-State physical presence of the person served at the time of service.

It is not disputed that the court has obtained and continues to exercise personal jurisdiction over the judgment-debtor. He is a defendant in the action—albeit one who has since become a nondomiciliary. Since the judgment has not yet been satisfied, the action, of course, is still pending for purposes of enforcing the judgment. (*See, Wegman v Childs*, 41 NY 159; *Wright v Nostrand*, 94 NY 31; *Hyman v Gordon*, 185 NYS 301; 54 NY Jur 2d, Enforcement of Judgments, § 271 ["(N)o special proceeding is necessary (to seek affirmative relief against a judgment-debtor) since the court which rendered the judgment already has jurisdiction over him."].) In addition, the judgment-debtor appealed from the underlying judgment and, at the time of service of the subpoena, his attorneys had already appeared in the appeal. Thus, while the subpoena duces tecum served in this case "is one of the so-called 'supplementary proceedings'" (Siegel, NY Prac § 509, at 827 [3d ed]), it "does not commence a special proceeding. * * * [I]t is merely captioned in the action itself * * * and is deemed an adjunct of it." (*Ibid.*) In our view, if the court has obtained and continues to exercise personal jurisdiction over a party, that party, regardless of his or her location at the time the subpoena is served, has a presence in the State and can be deemed to be "found" here within the meaning of Judiciary Law § 2-b. Indeed, there is no rational basis for excluding from the category of "person[s] found in the state" a judgment-debtor defe -

dant—obviously within the jurisdiction of the court in the underlying action—who has since become a nondomiciliary not physically present in the State.

The cases cited by the judgment-debtor in this regard (*Siemens & Halske v Gres*, 37 AD2d 768; *Israel Discount Bank v P.S. Prods. Corp.*, 65 Misc 2d 1002, 1003 [Sup Ct, NY County]) are inapposite. Each involved a judgment-debtor who, apparently, had no presence that could serve as a basis for in-State service of a subpoena[1] and who thus was served with the subpoena outside of New York. In both cases the court held that service upon the judgment-debtor outside of the State was unauthorized;[2] in neither did the court consider whether service upon the attorney could have been authorized. Here, it is undisputed that the subpoena was personally delivered to the judgment-debtor's attorneys in New York, in accordance with a court order, pursuant to CPLR 308 (5), directing the manner in which service was to be effected.

In addition, the judgment-debtor's attorneys also represented him in prosecuting a related Federal action in the United States District Court for the Southern District of New York. (*See, Anatian v Coutts Bank [Switzerland]*, 193 F3d 85, *cert denied* 528 US 1188.) The claims asserted there arose out of the same loan transactions as were at issue in this action[3] CPLR 303, entitled "Designation of attorney as agent for service", provides, in part, that "[t]he commencement of an action in the state * * * is a designation by him of his attorney appearing in the action * * * as agent * * * for service of a summons." CPLR 303 is extended to the service of a subpoena by CPLR 2303 (a), which provides that a subpoena "shall be served in the same manner as a summons." Thus, the judgment-debtor has, " 'by his voluntary act in demanding

---

**1.** In *Siemens & Halske v Gres* (*supra*) it appears that service upon the judgment-debtor was necessary in order to confer jurisdiction over him. That problem does not exist in the present case.

**2.** The interpretation of Judiciary Law § 2-b to preclude extrastate service of a subpoena upon a judgment creditor has been characterized as "needlessly restrictive." (Siegel, NY Prac § 383, at 620 [3d ed]; *see also*, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 2303.06 ["Because of a tendency of the courts to give Jud. L. § 2-b a very literal reading, case law has been probably unduly restrictive concerning service of subpoenas."]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2303:6, at 264 [1991 ed] ["(T)hat language, despite ample Advisory Committee indication to the contrary, has been cited to preclude extrastate service of a subpoena regardless of the soundness of the basis that may exist for it."].)

**3.** Claims that Coutts had committed securities fraud or RICO violations relating to the same loans underlying the judgment herein have been dismissed. (*Id.*)

justice from [Coutts], submitted himself to the jurisdiction of the Court.'" (*Evergreen Sys. v Geotech Lizenz*, 697 F Supp 1254, 1256 [ED NY], quoting *Adam v Saenger*, 303 US 59, 67.)

The judgment-debtor, citing *Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.* (63 AD2d 978), argues that CPLR 303 does not apply to actions commenced in the Federal courts of this State. In *Rockwood*, however, the party sought to be served had not commenced the parallel Federal action but had been joined as a defendant and CPLR 303 obviously had no application. While CPLR 303 does limit the designation of the attorney in the other action for the purpose of service of process in the separate action to those cases where the "separate action would have been permitted as a counterclaim had the [other] action been brought in the supreme court," it cannot be gainsaid that Coutts could have asserted, as a counterclaim in the Federal action, its claims in the underlying action.

Finally, we note that the judgment-debtor's arguments in support of the proposition that long-arm jurisdiction does not apply to the service of a subpoena ignore the fact that jurisdiction is here asserted on the basis of service of the subpoena "in the state" through his attorneys. The record also discloses that, at the time of such service, the judgment-debtor owned a home in the State, appeared in the United States Bankruptcy Court for the Southern District of New York to prosecute personal claims against one of his former companies and was designated manager of seven LLCs, all of which were listed as "active" in New York. All of these factors are relevant to a designation for substituted service under CPLR 308 (5).

Accordingly, the order denying defendant's motion to quash a subpoena duces tecum in aid of execution should be affirmed.