[907 NYS2d 601]

AXA Equitable Life Insurance Company et al., Plaintiffs, v Gabriel Epstein, Defendant.

Supreme Court, New York County, August 25, 2010

## APPEARANCES OF COUNSEL

*Oved & Oved LLP*, New York City (*Darren Oved* of counsel), for defendant. *Kilpatrick Stockton*, Atlanta, Georgia (*Michael A. Kaeding* of counsel), for plaintiffs.

## OPINION OF THE COURT

JANE S. SOLOMON, J.

This is a postjudgment motion to compel compliance with an information subpoena under CPLR 5224 (a) (3) (iv) and for contempt for the failure to respond to a subpoena duces tecum under CPLR 5224 (a) (2).

On January 22, 2010 judgment was entered in favor of plaintiffs and against defendant Gabriel Epstein in an amount exceeding $1.3 million. On March 25, 2010 plaintiff AXA Equitable Life Insurance served Epstein with an information subpoena and a subpoena duces tecum (Kaeding affirmation, exhibits E, F). Epstein did not comply with either subpoena and AXA filed the instant motion.

Epstein opposes the motion on several technical grounds. He argues that the court lacks jurisdiction over this postjudgment matter because AXA has not initiated "a separate plenary proceeding to regain personal jurisdiction"; that the motion is defective because it lacks the warning required by Judiciary Law § 756; that AXA did not submit the motion with an affirmation of good faith as required by 22 NYCRR 202.7; and that AXA improperly served the motion by serving it on Epstein's attorney, rather than upon Epstein himself.

Epstein's first argument is unpersuasive because a CPLR 5224 subpoena is deemed adjunct to the underlying action, and "is merely captioned in the action itself—even though that action has already gone to judgment" (Siegel, NY Prac § 509, at 864 [4th ed]). The initiation of a separate plenary action (a special proceeding) is unnecessary where, as here, the contemnor was a party to the action from which the contempt arises (*id.* § 484, at 815; *see also Coutts Bank [Switzerland] v Anatian*, 275 AD2d 609, 611 [1st Dept 2000]).

Notwithstanding the foregoing, the motion for contempt is defective because it does not comport with Judiciary Law §§ 756

and 761. Section 756 governs the procedure to initiate an action to punish for contempt. It requires that a motion for contempt shall contain:

"[O]n its face a notice that the purpose of the hearing is to punish the accused for a contempt of court, and that such punishment may consist of fine or imprisonment, or both, according to law together with the following legend printed or type written in a size equal to at least eight point bold type:

"WARNING:
"YOUR FAILURE TO APPEAR
IN COURT MAY RESULT IN
YOUR IMMEDIATE ARREST
AND IMPRISONMENT FOR
CONTEMPT OF COURT."

Strict adherence to procedural requirements is required in matters of civil contempt (*Matter of Roajas v Recant*, 249 AD2d 95 [1st Dept 1998]), and the absence of the section 756 warning has been held to be fatal (*Matter of Devine*, 126 AD2d 491 [1st Dept 1987]).

Similarly, section 761 requires that "[a]n application to punish for contempt in a civil contempt proceeding shall be served upon the accused, unless service upon the attorney for the accused be ordered by the court or judge." While this defect is waivable, it has not been waived here. The motion was served by e-mailing an electronic copy of the motion to Epstein's attorneys. This method of service was not ordered by the court, and does not comport with the service provisions of CPLR 308. Accordingly the branch of the motion seeking contempt for failure to honor the subpoena is denied.

The next issue concerns the information subpoena. Section 5224 (a) (3) (iv) governs the failure to comply with an information subpoena and states that such a failure "shall be governed by subdivision (b) of section twenty-three hundred eight of this chapter." CPLR 2308 (b) states that when a person fails to comply with an information subpoena, "the issuer . . . may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars." Failure to comply with the compelled compliance may then give rise to contempt.

An information subpoena may be served by registered or certified mail, return receipt requested (CPLR 5224 [a] [3]). AXA claims that Epstein was properly served with the information subpoena by certified mail addressed to his attorney. AXA does not explain what provision in the CPLR allows him to serve Epstein's attorney rather than Epstein himself. Epstein contends that he was never directly served with the information subpoena.

In the absence of proof of service of the subpoena upon Epstein himself, or proof that service upon his attorney was permitted, AXA's motion to compel compliance with the subpoena must be denied (*see e.g. Coutts Bank*, 275 AD2d at 612 [service on judgment debtor's attorney, rather than debtor himself, sufficient when ordered by court]). Accordingly, it hereby is ordered that the motion is denied.