OPINION OF THE COURT
Shirley Werner Kornreich, J.
Plaintiffs AQ Asset Management LLC, Antiquorum S.A., Antiquorum USA, Inc. and Evan Zimmermann move for an order authorizing the service of a subpoena upon a nonresident Swiss national, Markus Schumacher, through his New York attorneys. Schumacher, appearing specially, opposes.
Schumacher is a Swiss national residing in Geneva. On March 10, 2008, Schumacher commenced a tort action in this court against the City of New York, Paul Ware Jr., William C. Clifford and two of the plaintiffs in this action — Antiquorum USA, Inc. and Evan Zimmermann (Schumacher v Antiquorum USA, Inc., Sup Ct, NY County, index No. 103586/08). The tort action arose from an August 2007 incident that took place at the offices of Antiquorum USA, where Schumacher had served as the chief operating officer for plaintiff Antiquorum S.A. (id., complaint ¶ 17). The case is currently active, with the next appearance scheduled for February 6, 2014 in Part 62.
Plaintiffs now wish to take the deposition of Schumacher as part of the discovery in this action. Despite the fact that he is not a resident of New York, plaintiffs contend that by commencing an action against them in New York, Schumacher has submitted to this court’s jurisdiction and request that service of a subpoena upon him be effected through his counsel in his tort case, Salzman & Winer LLP. In opposition, Schumacher maintains that this court’s jurisdiction is limited to the case he started, and that if plaintiffs wish to take his testimony they must proceed by submitting letters rogatory to the Swiss authorities pursuant to the Hague Convention.
Service in a foreign jurisdiction must be accomplished in accordance with applicable laws. Alternative methods pursuant to CPLR 308 (5) may only be directed if it has been shown that such service is actually impracticable (compare Tetro v Tizov, 184 AD2d 633, 635 [2d Dept 1992], with LTD Trading Enters. v Vignatelli, 176 AD2d 571, 571 [1st Dept 1991]).
In this case, however, it is conceded that Schumacher has entered New York to prosecute a tort action against, inter alia, two of the plaintiffs herein. “It is an ancient rule in most States *973 including New York that a suitor in attendance in a court outside the territorial jurisdiction of his residence is immune from service of civil process while attending court” (Thermoid Co. v Fabel, 4 NY2d 494, 499 [1958]; see also Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C301:5). But a basic exception to this doctrine is that a nondomiciliary who commences suit in a state may be subject to counterclaims by the defendants (see e.g. Adam v Saenger, 303 US 59, 67-68 [1938] [“The plaintiff having . . . submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence”]; see also Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co., 63 AD2d 978 [2d Dept 1978]). As New York procedure has an extremely permissive attitude towards counterclaims, this exception in effect allows any cause of action to be asserted by a defendant against a foreign plaintiff, whether it arises out of the same facts as pleaded in the complaint or not (CPLR 3019 [a]; Patrick M. Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3019:l).
Indeed, CPLR 303 provides:
“The commencement of an action in the state by a person not subject to personal jurisdiction is a designation by him of his attorney appearing in the action or of the clerk of the court if no attorney appears, as agent, during the pendency of the action, for service of a summons ... in any separate action in which such a person is a defendant and another party to the action is a plaintiff if such separate action would have been permitted as a counterclaim had the action been brought in the supreme court.”
Thus, a nondomiciliary who commences an action in a New York court becomes amenable to the service of a summons for a new action by a defendant in the first action. The only restriction is that the claims in the new action must be such as could have been brought as counterclaims in the first action had the action been brought in supreme court. Since New York supreme court is a court of general subject matter jurisdiction, this places practically no limit on the possible subject matter of the new action.
Importantly, CPLR 303 not only confers jurisdiction over the person of a nondomiciliary plaintiff, but it also explicitly designates New York agents to accept service of a summons on behalf of that nondomiciliary — his attorney, if he has one, or the clerk of the court, if he does not. It follows from this that plaintiffs, here, Antiquorum USA or Evan Zimmermann, who *974 are defendants in Schumacher’s tort action, could commence a new action against Schumacher by delivering a summons to his attorneys at Salzman & Winer. Given that a subpoena is served “in the same manner as a summons” (CPLR 2303 [a]), it is difficult to see why service of a subpoena by Antiquorum USA or Evan Zimmermann upon Schumacher through his attorneys would not be valid pursuant to CPLR 303, or, put differently, why those attorneys would qualify as agents for one but not as agents for the other. Indeed, in considering this question in Coutts Bank (Switzerland) v Anatian (275 AD2d 609, 609 [1st Dept 2000]), the First Department upheld an order directing service of a subpoena upon a nondomiciliary defendant’s New York attorneys where those attorneys were representing that individual in an action he had commenced in a federal court located in New York (see also id. at 612-613 [Sullivan, P.J., concurring] [supporting holding on basis of CFLR 303]). While a subpoena, unlike a summons, may not be served outside of the state (Siemens & Halske, GmbH, v Gres, 37 AD2d 768, 768 [1st Dept 1971], citing Judiciary Law § 2-b), that is not at issue here as the office of Schumacher’s attorneys is located in New York City (Coutts Bank, 275 AD2d at 612-613 [Sullivan, P.J., concurring]; see also General Elec. Co. v Metals Resources Group, 293 AD2d 417, 419 [1st Dept 2002] [upholding postjudgment subpoena served on English judgment debtor through its New York attorneys], citing Coutts Bank).
In sum, by choosing to prosecute a case against Antiquorum USA and Evan Zimmermann in this court, Schumacher has designated his attorneys in that action as his agents for service of process “for all purposes for which justice to [those plaintiffs] requires his presence” (Adam, 303 US at 67-68). It is noteworthy that less than a year ago, Schumacher, an important witness to some of the corporate actions at issue in this case, voluntarily came to New York to be deposed in a related federal action (affirmation of Edward E Grosz, Sept. 11, 2013, exhibit A). Moreover, Schumacher’s deposition has already been taken once in the course of his tort action, and it has been acknowledged that a further deposition may take place (tr, Nov. 12, 2013, at 9). Accordingly, it is ordered that the motion of plaintiffs AQ Asset Management LLC, Antiquorum S.A., Antiquorum USA, Inc. and Evan Zimmermann for the direction of service upon Markus Schumacher through his attorneys is granted.