Chicoine v Koch (2018 NY Slip Op 03825)





Chicoine v Koch


2018 NY Slip Op 03825


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-06924
 (Index No. 591/12)

[*1]Paul H. Chicoine, et al., respondents, 
v
Claire D. Koch, etc., et al., defendants, Michael R. Mendola, etc., appellant.


Ellenberg Gannon Henninger Fitzmaurice & Lim, LLP, Mineola, NY (Stacy Fitzmaurice and John Henninger of counsel), for appellant.
Duffy & Duffy, PLLC, Uniondale, NY (Dorothy R. Renz of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Michael R. Mendola appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered June 13, 2016. The order denied the motion of the defendant Michael R. Mendola to quash a trial subpoena served upon him.
ORDERED that the order is affirmed, with costs.
In 2012, the plaintiff Paul H. Chicoine (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against, among others, Michael R. Mendola (hereinafter the defendant). The plaintiffs alleged that the defendant committed medical malpractice when the injured plaintiff visited the emergency room of St. Joseph Hospital in Bethpage, New York. The defendant interposed an answer.
In 2016, the plaintiffs mailed a subpoena to the office of the defendant's attorneys, located in Mineola, New York. The subpoena commanded the defendant to appear at the trial of this action to give testimony as part of the plaintiffs' direct case. The defendant moved to quash the subpoena, arguing that he was no longer subject to the jurisdiction of the court because he had moved from New York to South Carolina during the pendency of the action. The Supreme Court denied the motion, and the defendant appeals.
A court of record generally has the power "to issue a subpoena requiring the attendance of a person found in the state to testify in a cause pending in that court" (Judiciary Law § 2-b[1]). "Where the attendance at trial of a party or person within the party's control can be compelled by a trial subpoena, that subpoena may be served by delivery in accordance with [CPLR 2103(b)] to the party's attorney of record" (CPLR 2303-a). Here, the trial subpoena was properly served upon the defendant's attorneys pursuant to CPLR 2303-a and 2103(b)(2). Contrary to the defendant's contention, because he is a party to this action, over whom personal jurisdiction had been obtained, he is "found in the state" within the meaning of Judiciary Law § 2-b(1) (see Coutts Bank [Switzerland] v Anatian, 275 AD2d 609; cf. Zeeck v Melina Taxi Co., 177 AD2d 692, 694; see [*2]generally Matter of Standard Fruit & S. S. Co. v Waterfront Commn. of N.Y. Harbor, 43 NY2d 11, 15).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion to quash the subpoena.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court