Matter of Amato v Gibson (2023 NY Slip Op 05569)

Matter of Amato v Gibson

2023 NY Slip Op 05569

Decided on November 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 2, 2023

536135
[*1]In the Matter of Alicia Amato, Appellant,
v
Natasha Gibson, Respondent.

Calendar Date:September 5, 2023

Before:Lynch, J.P., Clark, Aarons, Pritzker and Ceresia, JJ.

Martin J. McGuinness, Esq. PLLC, Saratoga Springs (Martin J. McGuinness of counsel), for appellant.

Ceresia, J.
Appeal from an order of the Supreme Court (Thomas D. Buchanan, J.), entered August 11, 2022 in Saratoga County, which denied petitioner's motion to hold respondent in contempt.
In 2006, petitioner was awarded a money judgment against respondent in the amount of $25,560.56. In June 2021, in an effort to enforce that judgment, petitioner served an information subpoena upon respondent by certified mail. Respondent signed for delivery of the subpoena, but otherwise failed to respond thereto. In December 2021, petitioner filed a petition pursuant to CPLR 2308 (b) and 5224 (a) (3) (iv), seeking, among other things, to compel respondent's compliance with the June 2021 information subpoena. Thereafter, in March 2022, respondent was personally served with a second subpoena, seeking her remote, virtual deposition. Respondent did not appear for the deposition, nor did she move to quash this subpoena or request a protective order.
In April 2022, following a hearing at which both parties appeared, Supreme Court granted the petition and ordered respondent to respond to the information subpoena. When respondent again failed to do so, petitioner moved to hold respondent in contempt both for her failure to comply with the April 2022 order as well as for her neglect of the deposition subpoena. On the return date of the contempt motion, respondent submitted a sworn response to the information subpoena, but did not address the deposition subpoena. The court denied the contempt motion in its entirety, prompting this appeal by petitioner.
We affirm. A decision as to whether to hold a party in contempt rests within the sound discretion of the trial court (see Howe v Howe, 132 AD3d 1088, 1090 [3d Dept 2015]), and we will not overturn such a determination in the absence of an abuse of that discretion (see Martin v Martin, 163 AD3d 1139, 1141 [3d Dept 2018]; Seale v Seale, 154 AD3d 1190, 1192 [3d Dept 2017]). Turning first to the information subpoena, Supreme Court declined to hold respondent in contempt on the basis that she had provided a response, albeit belatedly. With that in mind and acknowledging that an alleged contemnor should generally be given an opportunity to purge contumacious conduct before he or she is adjudicated in contempt (see Carver Fed. Sav. Bank v Shaker Gardens, Inc., 167 AD3d 1337, 1339-1340 [3d Dept 2018]; Matter of Yang v Luo, 103 AD3d 661, 661 [2d Dept 2013], we cannot say that the court acted improvidently in this regard. As for the deposition subpoena, it is true that respondent has not offered any excuse for her failure to appear for examination on the scheduled date. However, taking into account the fact that petitioner's noncompliance occurred one time, and further noting, as Supreme Court did, that the subpoena called for a virtual deposition in the absence of any indication in the record that respondent had agreed to the use of a virtual deposition, as required by statute (see CPLR 3113 [d]), we once again conclude that the court acted [*2]within its discretion in declining to hold respondent in contempt (see Matter of Sara ZZ. v Matthew A., 77 AD3d 1059, 1061 [3d Dept 2010]; Matter of Whiteco Metrocom Div. of Whiteco Indus. v Lambert, 221 AD2d 750, 751 [3d Dept 1995]).
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur. ORDERED that the order is affirmed, with costs.