Stafford v EV Transp. Servs., Inc. (2024 NY Slip Op 04840)

Stafford v EV Transp. Servs., Inc.

2024 NY Slip Op 04840

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, JJ. 

Index No. 652390/23 Appeal No. 2712-2712A Case No. 2024-00418 2024-03689 

[*1]James Stafford, Plaintiff-Respondent,
v
EV Transportation Services, Inc., Defendant-Appellant. 

David E. Schorr, New York, for appellant.
Vedder Price, P.C., New York (Daniel C. Green of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 5, 2024, which partially granted plaintiff's motion to compel and for contempt on the grounds that service of the underlying subpoenas was proper, and directed that failure to comply with the order would subject defendant to contempt sanctions and reimbursement of all attorneys' fees for the enforcement of the judgment in this matter, unanimously reversed, on the law, with costs, and the motion denied. Appeal from order and judgment, same court and Justice, entered June 18, 2024, which effectively granted defendant's motion to reargue, and, upon reargument, adhered to the prior order, unanimously dismissed, without costs, as academic.
Because the subject subpoenas were served outside the State of New York, the subpoenas were unenforceable. This is consistent with New York's constitutional limitation on Supreme Court's authority to serve subpoenas outside the State of New York (see Coombs v Rowand, 39 AD2d 532, 532 [1st Dept 1972], lv dismissed 31 NY2d 853 [1972]; Siemens & Halske, GmbH. v Gres, 37 AD2d 768 [1st Dept 1971]; P.M. v M.G., 65 Misc 3d 1218[A], 2019 NY Slip Op 51720[U] *6 [Family Ct, Westchester County 2019]; see also Coutts Bank [Switzerland] v Anatian, 275 AD2d 609, 611 [1st Dept 2000] [Sullivan, J., concurring]).
Although the denial of a motion to reargue is not generally appealable, Supreme Court considered defendant's argument. Thus, while it was an appealable order (Lewis v Rutkovsky, 153 AD3d 450, 453 [1st Dept 2017]), in view of the foregoing, it is dismissed as academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024