## Tavor v 391 Broadway LLC

2025 NY Slip Op 31328(U)

April 16, 2025

Supreme Court, New York County

Docket Number: Index No. 651848/2017

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JUDY H. KIM                    PART                    04

*Justice*

---------------------------------------------------------------------X

ILAN TAVOR,

                            Plaintiff,

                  - v -

391 BROADWAY LLC, GIL BOOSIDAN, MARTIN HOLLANDER,

                         Defendants.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651848/2017 |
| MOTION DATE | 06/24/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 144, 145, 146, 147, 148, 149, 150, 151

were read on this motion for                      CONTEMPT           .

Upon the foregoing documents, plaintiff's motion to hold defendant Gil Boosidan in contempt is denied.

On May 22, 2024, the Clerk of the New York State Supreme Court, New York County, entered a judgment in the amount of $483,847.33 in favor of plaintiff as against defendant Gil Boosidan (NYSCEF Doc No. 143, judgment). When Boosidan failed to satisfy the judgment, plaintiff served an information subpoena on him on June 10, 2024, pursuant to CPLR 308(4) (*see* NYSCEF Doc No. 146, Dank affirmation, exhibit B, information subpoena and affidavit of service). Counsel for Boosidan informed plaintiff's counsel on June 17, 2024, that Boosidan was in the "process of finalizing" his answers to the information subpoena but would be unable to immediately notarize same. On June 24, 2024, plaintiff filed the instant motion. Boosidan's counsel subsequently emailed an unnotarized copy of his answers to the information subpoena to plaintiff's counsel two days after plaintiff filed the instant motion.

[* 1]

## DISCUSSION

Plaintiff's motion is denied. As a threshold matter, he has failed to establish his compliance with Judiciary Law §761, which requires "[a]n application to punish for contempt in a civil contempt proceeding shall be served <u>upon the accused</u>, unless service upon the attorney for the accused be ordered by the court or judge" (Judiciary Law §761 [emphasis added]). There is no indication in the record that this motion was served on defendant in accordance with CPLR 308—or by any method beyond filing on NYSCEF—and "[w]hile this defect is waivable, it has not been waived here" mandating denial of the motion (*AXA Equit. Life Ins. Co. v Epstein*, 29 Misc 3d 689, 691 [Sup Ct, NY County 2010]).

Even setting this aside, other deficiencies mandate the denial of the motion. CPLR 5224 requires that "[a]nswers [to information subpoenas] shall be made in writing <u>under oath</u> by the person upon whom served [and] … shall be returned together with the original of the questions within seven days <u>after receipt</u> (CPLR 5224[a][3] [emphasis added]) but plaintiff has not established when defendant received the information subpoena, let alone that this was more than seven days prior without responding at the time this motion was filed (*see Jack Mailman & Leonard Flug DDS, PC, v Belvecchio*, 195 Misc 2d 275, 276 [App Term, 2d Dept 2002] ["under the circumstances presented in this case, plaintiff's unopposed motion was properly denied inasmuch as plaintiff did not establish that the envelope containing the information subpoena was signed for by defendant or anyone acting on her behalf, or even that it was received"]; *see also Figueroa v 5 Star Auto Sales Inc.*, 84 Misc 3d 784, 787 [NY Dist Ct, Nassau County 2024] ["Actual receipt must be demonstrated before there can be a finding of contempt for failure to comply with an information subpoena"]; *Jopal Bronx, LLC v Kirton* 2017 WL 2730147 [Sup Ct, Bronx County 2017]).

[* 2]

Moreover, Boosidan's emailed response evinces an intent to comply with the information subpoena such that relief sought is not yet warranted (*see e.g. Amato v Gibson*, 221 AD3d 1113, 1113-14 [3d Dept 2023]). Although Boosidan's response was not under oath, this defect is easily cured and defendant is ordered to provide answers to the information subpoena, under oath[1] within twenty days of the date of this order. The Court declines to address plaintiff's assertion that certain of Boosidan's answers were insufficient or deliberately incorrect, since it was raised for the first time in reply (*see Ambac Assur. Corp. v DLJ Mtge. Capital, Inc.,* 92 AD3d 451, 452 [1st Dept 2012]). In short, plaintiff has not met his high burden to establish that "that the alleged contemnor engaged in willful neglect or refusal" (*Grand Pac. Fin. Corp v 97-111 Hale, LLC*, 2013 NY Slip Op 30243[U] [Sup Ct, NY County 2013] [internal citations omitted]) and his motion is denied except to the extent that Boosidan is to serve his answers to the information subpoena, under oath and in all other respects in conformity with the requirements of CPLR 5224, upon plaintiff's counsel on or before May 15, 2025. If Boosidan fails to do so, plaintiff may renew this motion.

Accordingly, it is

**ORDERED** that plaintiff's motion to hold defendant Gil Boosidan in civil contempt of court is denied, without prejudice, except to the extent that Boosidan shall, on or before May 15, 2025, provide answers in writing, and under oath, to all questions served in connection with plaintiff's previously served restraining notice and information subpoena to the offices of Warren Dank, Esq., at 62 Belmont Circle Syosset, New York 11791; and it is further

---

[1] As plaintiff observes, electronic notarization has been permitted since 2023 (*see* Executive Law §135-c).

**651848/2017   TAVOR, ILAN vs. 391 BROADWAY LLC**
**Motion No.  008**

**Page 3 of 4**

**ORDERED** that counsel for Gil Boosidan shall serve a copy of this decision and order, with notice of entry, upon plaintiff as well as the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "EFiling" page on this court's website).

This constitutes the decision and order of the Court.

| | | |
|---|---|---|
| **4/16/2025** | | |
| **DATE** | | **HON. JUDY H. KIM, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**651848/2017   TAVOR, ILAN vs. 391 BROADWAY LLC**
**Motion No.  008**

Page 4 of 4

[* 4]

4 of 4